```
01
02
03
04
05                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
06                              AT SEATTLE

07  SUSAN L.,                              )
                                           )  CASE NO. C20-5303-MAT
08          Plaintiff,                     )
                                           )
09          v.                             )
                                           )  ORDER RE: SOCIAL SECURITY
10  ANDREW M. SAUL,                        )  DISABILITY APPEAL
    Commissioner of Social Security,       )
11                                         )
            Defendant.                     )
12  _____)
```

13    Plaintiff proceeds through counsel in her appeal of a final decision of the
14 Commissioner of the Social Security Administration (Commissioner). The Commissioner
15 denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an
16 Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative
17 record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for
18 further administrative proceedings.

19                        **FACTS AND PROCEDURAL HISTORY**

20    Plaintiff was born on XXXX, 1967.[1] She has an associate's degree, and previously
21 worked as a warehouse administrator, customer service representative, and receptionist. (AR

22 ───────────────────
      [1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

44, 230.)

Plaintiff applied for DIB in January 2016. (AR 156-59.) That application was denied and Plaintiff timely requested a hearing. (AR 120-23, 125-32.)

In July 2018, ALJ Paula Fow Atchison held a hearing in Phoenix, taking testimony from Plaintiff and a vocational expert. (AR 37-75.) On January 15, 2019, the ALJ issued a decision finding Plaintiff not disabled. (AR 15-28.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review in January 2020 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity between her alleged onset date (December 5, 2014) and her date last insured (DLI) of March 31, 2018. (AR 17-18.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found that through the DLI, Plaintiff's osteoarthritis, diabetes, peripheral neuropathy, inflammatory bowel disease, chronic pain, degenerative disc disease, and Crohn's disease were severe impairments. (AR 18-21.) Step three asks whether a claimant's impairments meet or equal a

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -2

listed impairment. The ALJ found that through the DLI, Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 21.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found that through the DLI, Plaintiff was capable of performing light work with additional limitations: she could not be exposed to dangerous machinery or unprotected heights. She could occasionally climb ladders, ropes, and scaffolds. She could frequently climb ramps and stairs, balance, stoop, kneel, crouch, crawl, handle, and finger. (AR 21.) With that assessment, the ALJ found that through the DLI, Plaintiff could perform her past work as a collection clerk, cashier's supervisor, and label stamper. (AR 27.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Because the ALJ found that Plaintiff could perform her past work, the ALJ did not proceed to step five. (AR 27-28.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which

supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) finding various impairments to be not severe at step two, (2) discounting her subjective symptom testimony, (3) assessing certain medical evidence and opinions, and (4) discounting lay evidence.[2] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Step two</u>

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling 85-28).

In this case, the ALJ found multiple conditions to be not severe at step two. (AR 18-21.) Plaintiff argues that the ALJ's analysis was not supported by substantial evidence and this error caused harm because the ALJ's RFC assessment fails to account for all of Plaintiff's limitations, including limitations caused by non-severe impairments. Dkt. 16 at 3-4.

Plaintiff fails to identify any particular omitted limitations caused by the impairments

---

[2] Plaintiff also assigns error to the ALJ's RFC assessment and step-four findings, but in doing so only reiterates arguments made in connection with the other assignments of error. Dkt. 16 at 19. The Court need not address this assignment of error separately.

found to be non-severe, however. Dkt. 16 at 3-4. This failure is fatal to Plaintiff's claim of harmful step-two error. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Because Plaintiff has not shown that the ALJ's step-two findings resulted in the omission of any particular limitation, the Court finds no harmful error in the ALJ's finding certain conditions to be not severe.

<u>Subjective symptom testimony</u>

The ALJ discounted Plaintiff's allegations because "the evidence generally does not support the alleged loss of functioning." (AR 24.) Plaintiff argues that the ALJ failed to provide a specific, clear, and convincing reason to discount her testimony, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

The Court agrees that the ALJ's discussion of Plaintiff's allegations fails to identify any reason sufficient to discount her testimony. The ALJ summarized the medical records that she found supported the RFC assessment, but did not identify any particular reasons to discount Plaintiff's allegations. (AR 24-27.) This type of summary is insufficient to support discounting a claimant's testimony. *See Brown-Hunter v. Colvin,* 806 F.3d 487, 493-94 (9th Cir. 2015) (finding legal error where ALJ failed to identify the testimony found not credible or to link testimony to the parts of record supporting the assessment of the claimant's credibility, and instead stated "only that she found, based on unspecified claimant testimony and a summary of medical evidence, that 'the functional limitations from the claimant's impairments were less serious than she has alleged'").

Although the Commissioner points to parts of the records that suggest Plaintiff engaged in activities inconsistent with her allegations or reported improvement with treatment

(Dkt. 20 at 11-12), the ALJ did not refer to this evidence to explain why the record undermined Plaintiff's allegations. The Commissioner also contrasted parts of Plaintiff's testimony with certain treatment notes (Dkt. 20 at 11), but again, the ALJ did not do so. Notably, the Commissioner's section addressing the ALJ's assessment of Plaintiff's testimony does not refer to the ALJ's decision at all, but instead directs the Court's attention to records that the Commissioner argues constitute substantial evidence support the ALJ's finding that Plaintiff's reporting was not entirely reliable. Dkt. 20 at 10-12. Because the Court is constrained to review the ALJ's decision itself, and finds that the ALJ's summary of the medical evidence does not constitute on its own a reason to discount Plaintiff's testimony, the Court finds that the ALJ erred in failing to provide legally sufficient reasons to discount Plaintiff's testimony.

## Medical opinion evidence

One of Plaintiff's treating doctors, Mark Goldberg, M.D., provided multiple checkbox form opinions describing Plaintiff's symptoms and limitations. (AR 398-99, 614-15, 1108-09.) The ALJ summarized the opinions (AR 26-27) and explained in one sentence why she gave them minimal weight: "These opinions are not consistent with the record as a whole." (AR 27.)

The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Rather than merely stating his conclusions, the ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are

correct." *Reddick*, 157 F.3d at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Here, the ALJ stated her conclusion that Dr. Goldberg's opinions were inconsistent with the "record as a whole", but did not identify any particular inconsistencies. (AR 27.) The Commissioner suggests (Dkt. 20 at 8) that the Court should look to the evidence cited by the ALJ in finding that Plaintiff could perform a range of light work, as the evidence the ALJ had in mind as inconsistent with Dr. Goldberg's opinions. The Court declines the invitation to wade through the medical records to determine if or to what extent they are inconsistent with Dr. Goldberg's opinions. Because the ALJ failed to provide any analysis beyond a mere conclusion, the Court finds that the ALJ erred in assessing Dr. Goldberg's opinions.

Plaintiff also argues that the ALJ failed to account for limitations suggested in credited opinions from examining providers, but fails to point to any part of the credited opinions that specifically identifies any limitation not included in the ALJ's RFC assessment. Dkt. 16 at 7-8. Accordingly, the Court finds no error in the ALJ's assessment of the examining source opinions.

Lastly,[3] Plaintiff argues that the ALJ erred in crediting State agency opinions because these non-examining source opinions are generally entitled to less weight than the opinions of treating or examining sources, and because the State agency consultants did not have the opportunity to review the entire record. Dkt. 16 at 13. Plaintiff has not shown that the ALJ erred in crediting the opinions, however, because she has not shown that the opinions were

---

[3] Plaintiff's opening brief also contains a lengthy summary of miscellaneous medical findings. Dkt. 16 at 8-13. This summary does not advance Plaintiff's assignment of error in the ALJ's decision and need not be addressed further.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -7

contradicted by the remainder of the record. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). Furthermore, the ALJ explicitly considered the State agency opinions in the context of the record as a whole. (AR 27.) Thus, the Court finds no error in the ALJ's assessment of the State agency opinions.

<u>Lay evidence</u>

Plaintiff's mother, Julie Mansfield, wrote a statement describing Plaintiff's symptoms and limitations. (AR 240-47.) The ALJ summarized Ms. Mansfield's statement and explained that she considered it "in as much as it was consistent with the medical evidence record and the record as a whole[.]" (AR 27.)

Plaintiff argues that the ALJ failed to provide germane reasons to discount Ms. Mansfield's statement, as required in the Ninth Circuit. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness."). The Commissioner contends that an ALJ is entitled to discount a lay witness statement that is inconsistent with the record (Dkt. 20 at 10), which may be true, but the ALJ here did not explicitly find Ms. Mansfield's statement to be inconsistent with the record and did not refer to any part of the record contradicting Ms. Mansfield's statement. The ALJ's conclusory finding does not constitute a germane reason to discount Ms. Mansfield's opinion.

**CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings. On remand, the ALJ should reconsider Plaintiff's testimony, Dr. Goldberg's opinions, and Ms. Mansfield's statement, and any other part of the

decision as necessary.

DATED this <u>6th</u> day of April, 2021.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -9